UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACARTA JENNINGS,

        Petitioner,        Case No. 2:21-cv-12442
                                        Honorable Linda V. Parker

v.

FREDEANE ARTIS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE HIS POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT**

Petitioner Jacarta Jennings filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The petition was held in abeyance so that Petitioner could return to the state courts to exhaust additional claims. (ECF No. 14.) Petitioner was given sixty days to initiate post-conviction proceedings in the state courts to exhaust these claims. *Id*.

Petitioner filed a motion to reopen and a motion for an extension of time to file his post-conviction motion for relief from judgment with the state courts. (ECF No. 15.) For the reasons that follow, the Court is granting a ninety-day extension of time to file his post-conviction motion for relief from judgment with the state court.

1

Petitioner asks for an extension of time to file his post-conviction motion in the state trial court because of delays in obtaining legal assistance. *Id*. He claims that he only recently was able to obtain reliable assistance from a fellow inmate. *Id*. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g., Roberts v. Norris*, 415 F.3d 816, 819 (8th Cir. 2005). Based on Petitioner's representations, he did all that he could reasonably do to file his state post-conviction motion for relief from judgment on time (ECF No. 15), but was "prevented in some extraordinary way" from timely filing the motion with the state courts. *See Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (quotation omitted). Accordingly, an extension of time should be granted to Petitioner.

Therefore, the Court grants Petitioner a ninety-day extension of time from the date of this order to initiate post-conviction proceedings in the state courts. Petitioner, as previously ordered, is still required to return to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. (*See* ECF No. 14.)

Petitioner's request to reopen the case is denied as premature.

**IT IS SO ORDERED**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: September 16, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 16, 2024, by electronic and/or U.S. First Class mail.

                                          s/Aaron Flanigan
                                          Case Manager